IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

FRANCESTA WAVERLY,                      *

    Plaintiff,                          *

vs.                                     *       CASE NO. 4:13-CV-142 (CDL)

EMORY HEALTHCARE, INC., *et al.*,       *

    Defendants.                         *

_____

O R D E R

In a classic shotgun Complaint, *pro se* Plaintiff Francesta Waverly seeks to relitigate claims she lost in state court, alleges violations of criminal law that have no private civil right of action, randomly cites inapplicable statutes, and generally complains about her predicament while failing to allege facts supporting any cause of action.  For the reasons explained in the remainder of this Order, Defendants' motions to dismiss (ECF Nos. 4 & 7) are granted.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   "[A] formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## PLAINTIFF'S ALLEGATIONS

After the state court dismissed her medical malpractice and fraud action against Defendants Emory Healthcare, Inc., Otis Brawley, Amelia Zelnak, and Carl D'Orsi ("Emory Defendants"), Waverly filed the present action against the same defendants and three additional Defendants: Emory Healthcare employee Marilyn McKeown and Emory Healthcare outside counsel Angela Fortsie and Eric Frisch of Carlock, Copeland & Stair, LLP ("Carlock Defendants").  In her state court action, Waverly alleged that

Brawley, Zelnak, and D'Orsi committed medical malpractice and fraud by not timely diagnosing Waverly with breast cancer. *See generally* Defs.' Mot. to Dismiss Ex. A, State Court Complaint, ECF No. 4-1. The state court dismissed the action because Waverly did not file an expert affidavit as required by O.C.G.A. § 9-11-9.1. The Georgia Court of Appeals affirmed.

Waverly's present action is based on her contention that the participants in her state court case violated various laws. Compl. ¶ 4, ECF No. 1. Waverly randomly cites the following authority in her Complaint: 42 U.S.C. § 1983; 42 U.S.C. § 1985; 18 U.S.C. §§ 1001, 1503, 1512, 1519, 1621, and 2071; Federal Rule of Civil Procedure 56(c)(1), (h); 5 U.S.C. § 552 (a), (f); and O.C.G.A. §§ 51-6-1 and -2. *Id.* ¶ 3. Waverly's main complaint is that the state court judge who dismissed her state court action should not have done so and should have recused herself. *Id.* ¶ 5. Waverly also blames her defeat in state court on the lawyers who represented the Emory Defendants, alleging in conclusory fashion that they submitted a false affidavit, lost hearing transcripts, and requested documents containing Waverly's personal health information. *Id.* ¶¶ 6-7. Her Complaint also includes a statement that Waverly received a letter from Emory Healthcare regarding a breach in security related to her records. *Id.* ¶ 7.

DISCUSSION

## I.   Malpractice and Fraud Claims Against Emory Defendants

To the extent Waverly attempts to assert medical malpractice and fraud claims against the Emory Defendants in this action, those claims are barred by *res judicata*.  "Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action."  *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).  To invoke *res judicata*, the Emory Defendants must establish that (1) a court of competent jurisdiction rendered the prior decision; (2) there was "a final judgment on the merits;" (3) both cases "involve the same parties or their privies;" and (4) both cases "involve the same causes of action."  *Id.*  All four requirements are met here. There is no dispute that a court of competent jurisdiction, the Superior Court of Dekalb County, Georgia, rendered a final judgment on the merits.  Both cases involve the same parties and one additional Emory Healthcare employee.  And both cases are based on the same set of facts.  Waverly even acknowledges that the two actions are the same when she alleges in her Complaint that this action "is a result of incidents that occurred in [her] original case."  Compl. ¶ 4.  Waverly raised medical

malpractice and fraud claims in the state court action, and she may not re-litigate them here.  Those claims are thus dismissed.

## II.  Plaintiff's Remaining Claims

### A.   Claims Under 42 U.S.C. § 1983 and 42 U.S.C. § 1985

Waverly also alleges claims pursuant to 42 U.S.C. § 1983 ("§ 1983") arising from Defendants alleged violation of her due process and equal protection rights.  To prevail on her § 1983 claims, Waverly must allege sufficient facts that if proven would establish that she "was deprived of a right secured by the Constitution or federal law and that such deprivation was committed by a person acting under color of state law." *Huls v. Llabona*, 437 F. App'x 830, 832 (11th Cir. 2011) (per curiam). Pretermitting whether Waverly has alleged sufficient facts to support a constitutional violation, Waverly has alleged no facts that any Defendant was acting under color of state law at the time of the alleged violation.  A person acts under color of state law if his acts are "fairly attributable to the state." *Id.* (internal quotation marks omitted).  Here, Waverly does not allege any claims against any state actors.  Rather, she alleges claims against two private corporations and their employees. These Defendants are not state actors subject to suit under § 1983, and Waverly's § 1983 claims are therefore dismissed.

Waverly also alleges a claim, purportedly pursuant to 42 U.S.C. § 1985 ("§ 1985"), that Defendants conspired to interfere

with her civil rights.  To the extent Waverly attempts to assert a claim under § 1985(2), that claim fails.  Waverly's allegations relate to a state court proceeding.  Section 1985(2) forbids conspiracies to obstruct justice *in federal courts*.  *See Alhallaq v. Radha Soami Trading, LLC*, 484 F. App'x 293, 296-97 (11th Cir. 2012) (per curiam) (noting that obstruction in "any court of the United States" means federal courts).  Therefore, this part of § 1985(2) does not apply here.  While § 1985(2) also prohibits conspiracies to obstruct justice with intent to deny a person equal protection of the laws, the only reference in Waverly's Complaint to a conspiracy between Defendants and the state court judge is a vague allegation that they all conspired to conceal the fact that the judge's spouse may have somehow been affiliated with Emory.  Compl. ¶ 5.  These allegations do not contain sufficient facts to state a claim that the Defendants conspired to violate Waverly's civil rights with the intent to deny her equal protection under the law.  *See Cox v. Mills*, 465 F. App'x 885, 887 (11th Cir. 2012) (per curiam) (noting that a "plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy" and may not state a § 1985(2) claim by simply stringing together "discrete events, without showing support for a reasoned inference that the private and state actors agreed to

violate the plaintiff's rights") (internal quotation marks omitted). Waverly's § 1985(2) claims are therefore dismissed.

To the extent Waverly attempts to assert a claim under § 1985(3), that claim also fails. To state a claim under § 1985(3), a plaintiff must state sufficient facts that establish both "invidious discriminatory intent as well as the violation of a serious constitutional right." *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1156 (11th Cir. 2009). Waverly did not allege that Defendants had a class-based, invidiously discriminatory animus, and she did not allege that Defendants conspired to deprive her of a serious constitutional right that was intended to be redressed under § 1985(3). *See Shuler v. Swatek*, 465 F. App'x 900, 903 (11th Cir. 2012) ("[T]he only claims that have been recognized by the Supreme Court as viable under § 1985(3) against private defendants are claims for deprivation of the right to interstate travel and freedom from involuntary servitude."). Accordingly, Waverly's § 1985(3) claim is dismissed.

### B.   Other Miscellaneous (Frivolous) Federal Claims

Waverly cites a variety of other federal statutes and rules in her Complaint, none of which save her Complaint from dismissal. Obviously unaware that criminal statutes do not generally provide a stand-alone private civil cause of action, Waverly refers to several criminal statutes in her Complaint:

18 U.S.C. § 1001 (criminalizing false statements in federal proceedings); 18 U.S.C. § 1503 (criminalizing influencing jurors in federal proceedings); 18 U.S.C. § 1512 (criminalizing witness tampering); 18 U.S.C. § 1519 (criminalizing falsification of records in federal and bankruptcy proceedings); 18 U.S.C. § 1621 (criminalizing perjury); and 18 U.S.C. § 2071 (criminalizing concealment of documents filed in federal courts). None of these criminal statutes creates a private right of action. To the extent Waverly attempts to assert claims under them, those claims fail. *See Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies.").[1]

Waverly also refers to 42 U.S.C. § 1320d-7(a)(2) in her Complaint. That statute, which is part of the Health Insurance Portability and Accountability Act of 1966 ("HIPAA"), also provides no private right of action. *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) (per curiam). To the extent that Waverly attempts to allege a claim based upon violations of HIPPA's confidentiality provisions, that claim is dismissed.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Waverly also cites 5 U.S.C. § 552(a) and (f) in support of her claims. Those provisions are part of the federal Freedom of Information Act and have no application here. Defendants speculate that Waverly meant to reference the Privacy Act of 1974, which is codified at 5 U.S.C. § 552a. But that statute likewise has no application here. Neither statute provides a basis for Waverly's claims. The Freedom of Information Act requires federal agencies to make certain information available to the public, and the Privacy Act imposes rules on disclosure by federal agencies. There is no federal agency named as a Defendant in this case. Therefore, no cause of action could possibly exist against these Defendants.

Waverly also attempts to invent a cause of action based on Federal Rule of Civil Procedure 56(c)(1), (h). She alleges that because Defendants allegedly submitted an affidavit supporting summary judgment in the state court action in bad faith, this court may order Defendants to pay reasonable expenses incurred as a result. But Waverly of course cannot base a claim in this Court on an alleged violation of a federal rule during her state court proceeding.

C.   Georgia Fraud Claims

Waverly also cites to Georgia's fraud statutes, O.C.G.A. §§ 51-6-1 and -2, in support of her claims. As discussed above, any fraud claims against the Emory Defendants are barred by res

judicata.    As to fraud claims against the Carlock Defendants, those claims fail because Waverly did not plausibly allege (1) a false representation by the Carlock Defendants, (2) scienter, (3) intention to induce Waverly to act or refrain from acting, (4) justifiable reliance by Waverly, and (5) resulting damage to Waverly.   *Fuller v. Perry*, 223 Ga. App. 129, 131, 476 S.E.2d 793, 795 (1996).   Waverly's fraud claims are thus dismissed.

CONCLUSION

For the reasons explained in this Order, Defendants' Motions to Dismiss (ECF Nos. 4 & 7) are granted.

IT IS SO ORDERED, this 23rd day of October, 2013.

S/Clay D. Land
_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE